ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| **MUNICIPIO AUTÓNOMO DE GUAYNABO**<br><br>Peticionarios<br><br>v.<br><br>**GE RO CORPORATION H/N/C FEEL FIT FITNESS ASEGURADORA X**<br><br>Recurridos | KLCE202400360 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **Bayamón**<br><br>Civil Núm.: **BY2023CV04219**<br><br>Sobre: Cobro de Dinero - Ordinario |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de abril de 2024.

Comparece ante nos el Municipio Autónomo de Guaynabo (en adelante, Municipio o la parte peticionaria), mediante un recurso de *Certiorari*, y nos solicita que revoquemos la *Resolución* emitida el 4 de marzo de 2024 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI), notificada y archivada en autos ese mismo día.[1] Por medio de dicho dictamen, el foro primario denegó la *Moción en Solicitud de Reconsideración*[2] presentada por la parte peticionaria, y apercibió a la parte recurrida que el término adicional de treinta (30) días concedido para notificar las contestaciones al *Requerimiento de Admisiones,*[3] al igual que las respuestas de la *Contestación a Interrogatorio,* era perentorio.

Por los fundamentos que expondremos a continuación, resolvemos *denegar* la expedición del recurso de *Certiorari*.

---

[1] Apéndice del recurso de *Certiorari*, Anejo XIII, pág. 97.
[2] *Íd.*, Anejo VIII, págs. 80-82.
[3] *Íd.*, Anejo IV, págs. 71-74.

Número Identificador
RES2024 _____

# I.

La presente controversia tiene su génesis el 1 de agosto de 2023 cuando el Municipio presentó una *Demanda* en contra de la parte recurrida en cobro de dinero.[4] Por medio de esta, la parte peticionaria arguyó que el 20 de septiembre de 2016,[5] suscribió con la parte recurrida un *Contrato de Arrendamiento*, Contrato Número 2017-000377, (en adelante, Contrato) respecto a un local en el Centro de Servicios Múltiples de Torrimar ubicado en Guaynabo, Puerto Rico. Este contrato, según surgió de las alegaciones del Municipio, fue enmendado el 4 de octubre de 2016.[6] La parte peticionaria alegó también que el Contrato establecía un canon mensual de $1,500 por los meses de septiembre a diciembre de 2016 y de $4,782.69, a partir de enero de 2017, todo ello para un total de $273,830.64. La parte peticionaria sostuvo también que dicho Contrato tenía una vigencia de cinco (5) años, del 20 de septiembre de 2016 hasta el 20 de septiembre de 2021. Arguyó la parte peticionaria que el 22 de abril de 2022, la Oficina de Auditoría Interna (en adelante, OAI) del Municipio presentó un informe sobre el Trabajo Especial OAI-22-E-01 (en adelante, Informe) en el que se reveló que el 1 de abril de 2022, la parte recurrida le debía al Municipio la cantidad de $209,439.25 en concepto de cánones de arrendamiento del Contrato correspondiente al periodo del 20 de marzo de 2017 hasta el 20 de marzo de 2022. Según las alegaciones del Municipio, la parte recurrida reclamó un crédito sobre los aludidos cánones adeudados ascendiente a la suma de $53,944.90, por gastos incurridos en mejoras durante los años 2017-2018. Sostuvo la parte peticionaria, además, que aunque según el referido Informe no se encontró evidencia de autorizaciones por parte del

---

[4] *Íd.*, Anejo I, págs. 1-48.
[5] *Íd.*, págs. 8-21.
[6] *Íd.*, págs. 5-6.

Municipio para que la parte recurrida realizara las mejoras reclamadas, el Municipio le otorgó un crédito a su favor por la cantidad ascendiente de $22,560.72. Arguyó la parte peticionaria que, conforme al Informe, también se encontró que la parte recurrida operaba un *Snack Bar* y un salón de estilismo en el local arrendado, cuando las actividades no estaban autorizadas por la Administración del Municipio ni formaban parte del Contrato. Por todo lo anterior, solicitó del foro primario ordenar a la parte recurrida a satisfacer la cantidad de $186,878.53, la cual, según alegó, acumula un interés por mora, al igual que las costas, gastos y honorarios de abogados relacionados al caso de marras.

El 13 de noviembre de 2023, la parte recurrida presentó una *Contestación a Demanda y Reconvención.*[7] En síntesis, por medio de la *Contestación a Demanda,* la parte recurrida sostuvo que le reclamó al Municipio las reparaciones necesarias del local en múltiples ocasiones. Alegó la parte recurrida que como la parte peticionaria incumplió con el Contrato y no hizo las referidas reparaciones a su edificio y sus equipos, se vio obligada a realizar las reparaciones a su costo. Sostuvo también la parte recurrida que le propuso al Municipio que le diera un crédito a la renta por dichas reparaciones; le solicitó $53,944.90 y el Municipio aceptó su responsabilidad. Según surgió de las alegaciones de la parte recurrida, esta obtuvo un permiso de uso del Municipio para el gimnasio, en el que incluyó servicios de alimentos, nutrición, servicios a socios y visitantes. Alegó además la parte recurrida que nunca hubo cambio de uso en el local y que el Municipio tuvo conocimiento de dichos servicios porque empleados de la parte peticionaria visitaban y patrocinaban el gimnasio. Por otra parte, la parte recurrida sostuvo, en síntesis, y por medio de la *Reconvención*

---

[7] *Íd.*, Anejo II, págs. 49-60.

sobre incumplimiento de contrato, que previo al comienzo del Contrato en septiembre de 2016 y posteriormente, solicitó del Municipio que realizara varias reparaciones incluyendo mejoras para los baños, las luces del estacionamiento, las goteras de techo, los ductos de aires, los daños de techo, la planta eléctrica de emergencia, las ventanas, otras partes de la estructura propiedad del Municipio, el calentador de agua, entre otros.

El 12 de enero de 2024, el Municipio presentó una *Contestación a Reconvención.*[8]

Posteriormente, el Municipio preparó un *Requerimiento de Admisiones* fechado el 22 de enero de 2024. De este surge que dicho requerimiento debía ser contestado por escrito, por separado, en número y bajo juramento, dentro de un término de veinte (20) días, a tenor con la Regla 23 de Procedimiento Civil, 32 LPRA Ap. V, R. 23, y la Regla 33 de Procedimiento Civil, *supra*, R. 33. Además, según surge del *Requerimiento de Admisiones*, la parte peticionaria advirtió, en lo pertinente, que de no contestar en el término dispuesto, dichos requerimientos se entenderían por admitidos.

El 22 de enero de 2024, la parte peticionaria presentó una *Moción al Expediente Judicial*[9] en la que le informó al TPI de haberle cursado a la representación legal de la parte recurrida un correo electrónico con un *Primer Pliego de Interrogatorios y Requerimiento Producción de Documentos* y un *Requerimiento de Admisiones*.

El 13 de febrero de 2024, la parte recurrida presentó una *Moción So[l]icitando Tiempo Adicional para Contestar Requerimiento de Admisiones y Pliego de Interrogatorio*[10] mediante la cual solicitó un término adicional de treinta (30) días para ambos requerimientos de descubrimiento de prueba. La parte recurrida trajo a la atención

---

[8] *Íd.*, Anejo III, págs. 61-70.
[9] *Íd.*, Anejo V, págs. 75-76.
[10] *Íd.*, Anejo VI, págs. 77-78.

del foro *a quo* que el Municipio le cursó un *Requerimiento de Admisiones* y un pliego de interrogatorios, el cual consistía de aproximadamente cien (100) preguntas, y que a pesar de haber estado recopilando la documentación que necesitaba para responder a ambos métodos de descubrimiento, no había podido concluir el extenso proceso. Por ello solicitó el aludido tiempo adicional.

Ese mismo día, el foro primario emitió una *Orden*, notificada y archivada en autos el 14 de febrero de 2024,[11] por la cual le concedió a la parte recurrida el término de treinta (30) días para contestar el pliego de interrogatorios y el *Requerimiento de Admisiones*.

Luego de ello, el 18 de febrero de 2024, el Municipio presentó una *Moción en Solicitud de Reconsideración*[12] en la que arguyó que, ante la inacción de la parte recurrida dentro del plazo de veinte (20) días para contestar el aludido requerimiento, se dieron por admitidas las aseveraciones del *Requerimiento de Admisiones* de forma automática. Además, solicitó del foro *a quo* que reconsiderara la *Orden*, notificada y archivada en autos el 14 de febrero de 2024, y en su consecuencia emitiese una orden por la cual se tuviese por admitido todo requerimiento realizado mediante el *Requerimiento de Admisiones*.

El 19 de febrero de 2024, el TPI emitió una *Orden de Mostrar Causa*, notificada y archivada en autos al siguiente día,[13] en la que le concedió a la parte recurrida un término de diez (10) días para mostrar causa por la que no debía concederse la reconsideración solicitada por el Municipio, al haberse presentado la aludida

---

[11] *Íd.*, Anejo VII, pág. 79.
[12] *Íd.*, Anejo VIII, págs. 80-82.
[13] *Íd.*, Anejo IX, pág. 83.

solicitud de prórroga después de vencido el término para contestar el *Requerimiento de Admisiones.*

Así las cosas, el 28 de febrero de 2024, la parte recurrida presentó una *Moción para Mostrar Causa*[14] en la que sostuvo que, en lo pertinente, el plazo de treinta (30) días concedido por el TPI para responder el pliego de interrogatorios y el *Requerimiento de Admisiones* no era irrazonable. Sostuvo la parte recurrida que ello se debía a que el *Requerimiento de Admisiones* tenía un anejo de 416 folios con texto y fotos de redes sociales que ni el Sistema Unificado de Manejo y Administración de Casos (SUMAC) podía aceptarlo ante su tamaño. También alegó que el término de veinte (20) días concedido para contestar el *Requerimiento de Admisiones* no es jurisdiccional o improrrogable, sino que se puede extender por justa causa, a tenor con la Regla 33 de Procedimiento Civil, *supra.* Por último, la parte recurrida solicitó del foro primario que aceptara los fundamentos expuestos en la *Moción para Mostrar Causa* como justa causa, denegara la *Solicitud de Reconsideración* presentada por la parte peticionaria, al igual que la sanción bajo la Regla 33 de Procedimiento Civil, *supra*, y tomara conocimiento de que la parte recurrida le notificó a la parte peticionaria la *Contestación a Requerimiento de Admisiones* por medio de dicho escrito.

El 1 de marzo de 2024, el Municipio presentó una *Moción en Oposición a Moción para Mostrar Causa*[15] donde sostuvo, en lo pertinente, que cuando una parte no admite o niega bajo juramento lo requerido mediante un requerimiento de admisiones o presente una objeción escrita sobre la materia en cuestión dentro del plazo de veinte (20) días, se dan por admitidas, de forma automática, las cuestiones sobre las cuales se le solicitó la admisión. Reiteró la parte peticionaria que habiendo transcurrido el aludido término sin que

---

[14] *Íd.*, Anejo X, págs. 84-89.
[15] *Íd.*, Anejo XI, págs. 90-93.

la parte recurrida hubiese solicitado la prórroga correspondiente, se dieron por admitidas las aseveraciones del *Requerimiento de Admisiones.*

Posteriormente, el 4 de marzo de 2024, la parte recurrida presentó una *R[é]plica a Oposición a Moción para Mostrar Causa*[16] mediante la cual, en lo pertinente, reiteró que la Regla 33 de Procedimiento Civil, *supra,* permite que el foro primario, en el ejercicio de su discreción, pueda extender el plazo de veinte (20) días.

El 4 de marzo de 2024, el TPI emitió una *Resolución,*[17] notificada y archivada en autos ese mismo día, en la que dio por cumplida la *Orden de Mostrar Causa* y denegó conceder la *Solicitud de Reconsideración* presentada por la parte peticionaria. Además, le advirtió a la parte recurrida que el término adicional concedido era perentorio.

Inconforme con tal determinación, el 27 de marzo de 2024, la parte peticionaria presentó ante esta Curia un recurso de *Certiorari* por el cual le atribuyó al TPI la comisión de los siguientes errores:

> **ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL NO DA POR ADMITIDAS AUTOM[Á]TICAMENTE EL REQUERIMIENTO DE ADMISIONES CURSADO, LUEGO [DE] TRANSCURRIDO Y VENCIDO EL TÉRMINO DISPUESTO POR LAS REGLAS DE PROCEDIMIENTO CIVIL.**

> **EL TRIBUNAL DE PRIMERA INSTANCIA ABUS[Ó] DE SU DISCRECIÓN AL CONCEDERLE A LA PARTE RECURRIDA UN TÉRMINO ADICIONAL PARA RESPONDER AL REQUERIMIENTO DE ADMISIONES.**

En síntesis, el Municipio planteó que debemos revocar la *Resolución* recurrida porque la parte recurrida no expresó ninguna justa causa para el retraso y tampoco solicitó una prórroga antes de que venciera el término de veinte (20) días. Sostuvo además que, a

---

[16] *Íd.*, Anejo XII, págs. 94-96.
[17] *Íd.*, Anejo XIII, pág. 97.

tenor con la Regla 33 de Procedimiento Civil, *supra,* el *Requerimiento de Admisiones* ya estaba admitido por haberse vencido el aludido plazo. Además, la parte peticionaria arguyó que el TPI abusó de su discreción al concederle a la parte peticionaria el término adicional de treinta (30) días para contestar el *Primer Pliego de Interrogatorios y Requerimiento de Producción de Documentos* y un *Requerimiento de Admisiones.*

Por su parte, el 18 de abril de 2024, compareció la parte recurrida por medio del *Alegato de la Parte Demandada-Recurrida en Oposición a Petición de Certiorari* y planteó que la Regla 33 de Procedimiento Civil, *supra,* no indica en su texto que el *Requerimiento de Admisiones* se considera admitido automáticamente por haberse transcurrido el plazo de veinte (20) días para responder. Sostuvo, en cambio, que la referida regla expresa que las cuestiones sobre las cuales se solicite una admisión se darán por admitidas a menos que se notifique una contestación suscrita bajo juramento o una objeción escrita dentro de veinte (20) días o dentro del término que el tribunal concediese por medio de una moción y notificación. También sostuvo que su solicitud de prorroga tuvo justificación para la concesión del término adicional, pues el atraso se debió al gran volumen de los requerimientos. Por último, arguyó la parte recurrida que el propio Municipio fue beneficiario de la discreción del foro primario ante la concesión de un plazo adicional de quince (15) días adicionales para contestar el interrogatorio de la parte recurrida cuando el término inicial era de treinta (30) días perentorios, conforme a la orden del TPI y la Regla 6.6 de Procedimiento Civil, *supra,* R. 6.6.

Luego de revisar los documentos que obran en autos, estamos en posición de resolver, primero delimitando el trasfondo normativo aplicable.

## II.

## A.

El recurso de *certiorari* es uno extraordinario cuya característica se asienta en la sana discreción confiada al tribunal de mayor jerarquía para revisar las determinaciones de un foro inferior. *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 847 (2023); *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021). A tenor con ello, una vez el foro apelativo intermedio adquiere jurisdicción sobre un auto de *certiorari,* la expedición de este y la adjudicación en sus méritos es discrecional. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008). Dicha discreción "debe responder a una forma de razonabilidad, que aplicada al discernimiento judicial, sea una conclusión justiciera y no un poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho". Íd.

Conforme a lo anterior, la Regla 52.1 de Procedimiento Civil, *supra,* R. 52.1, establece las instancias en las cuales un foro revisor puede expedir un recurso de *certiorari*:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales. Véase, además,

*Torres González v. Zaragoza Meléndez, supra*; véase, además, *Scotiabank v. ZAF Corporation, et als.,* 202 DPR 478 (2019); *Mun. de Caguas v. JRO Construction,* 201 DPR 703 (2019).

La Regla 40 del Reglamento de este Tribunal, 4 LPRA Ap. XXII, R. 40, también establece los criterios para que este Tribunal determine si procede ejercer su facultad discrecional y, por ende, expedir el recurso de *certiorari*:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

De no estar presente algunos de estos criterios, corresponde abstenernos de expedir el auto de *certiorari*.

**B.**

Es harto conocido que los foros apelativos no intervendrán con la discreción de los foros primarios al menos que sus decisiones resulten en abuso de discreción, demuestren perjuicio o parcialidad, o tengan equivocaciones en la interpretación o aplicación de cualquier normal procesal o de derecho sustantivo. *Umpierre Matos v. Juelle Abello,* 203 DPR 254, 275 (2019); véase, además, *Banco Popular de Puerto Rico v. Gómez Alayón,* 2023 TSPR 145; *Citibank et al. v. ACBI, supra,* pág. 733. En esa misma línea, nuestro máximo

foro ha definido la discreción como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión Justiciera". *Banco Popular de Puerto Rico v. Gómez Alayón, supra* (citando a *Rivera Gómez v. Arcos Dorados Puerto Rico, Inc.*, 212 DPR 194, 210 (2023)); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016). Lo anterior pues, la discreción no implica que los tribunales puedan actuar de una forma u otra en abstracción del resto del Derecho. *Rivera Gómez v. Arcos Dorados Puerto Rico, Inc., supra*, pág. 210; *Medina Nazario v. McNeil Healthcare LLC, supra*, pág. 729; *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 435 (2013). Asimismo, se ha indicado que un tribunal abusa de su discreción:

> [C]uando el juez no toma en cuenta e ignora en la decisión que emite, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando el juez, por el contrario, sin justificación ni fundamento alguno, concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en éste, o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez los sopesa y calibra livianamente. *Rivera Gómez v. Arcos Dorados Puerto Rico, Inc., supra*, págs. 210-211; *SLG Zapata-Rivera v. J.F. Montalvo, supra*, pág. 435.

Por lo tanto, "la discreción que cobija al Tribunal de Primera Instancia en sus determinaciones discrecionales es amplia, por lo que sus decisiones merecen gran deferencia". *Citibank et al. v. ACBI et al., supra*, pág. 735.

### C.

Por otro lado, los requerimientos de admisiones "sirven como un instrumento sencillo y económico para delimitar las controversias del caso". *Rivera Prudencio v. Mun. San Juan*, 170 DPR 149, 171 (2007) (citando a J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, San Juan, Pubs. JTS, 2000, T. I, pág. 565). En esa misma línea, nuestro máximo foro ha expresado que la Regla 33 de Procedimiento Civil, *supra*, tiene el propósito de "aligerar los

procedimientos para definir y limitar las controversias del caso y proporcionar así un cuadro más claro sobre éstas". *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, 144 DPR 563, 571 (1997); *Rivera Prudencio v. Mun. San Juan*, *supra*, pág. 171. Asimismo, por medio de un requerimiento de admisiones se puede requerir que se admita la veracidad de cualquier materia cubierta por la Regla 23.1 de Procedimiento Civil, *supra*, R. 23.1, que pueda estar relacionada con cuestiones u opiniones de hechos o con la aplicación de la ley a los hechos. Informe de Reglas de Procedimiento Civil, Secretariado de la Conferencia Judicial y Notarial, 2008, pág. 361; *Rivera Prudencio v. Mun. San Juan*, *supra*, pág. 171. El efecto de ello es relevar a la parte contraria de tener que presentar prueba del hecho admitido. Informe de Reglas de Procedimiento Civil, *supra*, pág. 361; *Rivera Prudencio v. Mun. San Juan*, *supra*, pág. 171.

En lo pertinente, la Regla 33 (a) de Procedimiento Civil, *supra*, R. 33 (a) establece que:

> Cada materia sobre la cual se requiera una admisión deberá formularse por separado. Todas las cuestiones sobre las cuales se solicite una admisión se tendrán por admitidas, a menos que dentro de los veinte (20) días de haberle sido notificado el requerimiento, o dentro del término que el tribunal concediese mediante una moción y notificación, la parte a quien se le notifique el requerimiento le notifica a la parte que requiere la admisión una contestación suscrita bajo juramento por la parte o una objeción escrita sobre la materia.

En otras palabras, "[d]e no contestarse el requerimiento de admisiones dentro del término provisto se entenderá que hubo una admisión tácita de las cuestiones sobre las que se solicitó admisión". Informe de Reglas de Procedimiento Civil, *supra*, pág. 362. De este modo, una admisión se considerará definitiva a menos que el tribunal autorice su retiro o enmienda. Regla 33 (b) de Procedimiento Civil, R. 33 (b).

Ahora bien, al momento de ejercer su discreción, el tribunal debe interpretar la Regla 33 (b) de Procedimiento Civil, *supra*, "de

forma flexible para favorecer en los casos apropiados que el conflicto se dilucide en los méritos. Debe de ejercer especial cuidado cuando se trata de una admisión tácita, o sea, por no haberse contestado el requerimiento dentro del término establecido para ello". *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, *supra*, págs. 573-574. **Por lo tanto, aunque dicha regla es mandatoria, "al aplicarla e interpretarla no se puede permitir que consideraciones técnicas prevalezcan en detrimento de la justicia sustancial"**. Íd., pág. 575. (Énfasis suplido).

### III.

Tras un análisis sosegado del recurso de *Certiorari*, resolvemos que debemos abstenernos de ejercer nuestra función revisora, a tenor con los criterios esbozados en la Regla 52.1 de Procedimiento Civil, *supra*, y en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

El Municipio alegó que, a tenor con la Regla 33 de Procedimiento Civil, *supra*, el *Requerimiento de Admisiones* se admitió automáticamente por haberse vencido el plazo de veinte (20) días sin que la parte recurrida hubiese solicitado una prórroga dentro de dicho término. Además, arguyó que el TPI abusó de su discreción al concederle a la parte peticionaria el término adicional de treinta (30) días para contestar el *Requerimiento de Admisiones*. Sin embargo, no atisbamos que la *Resolución* recurrida fuese dictada contrario a derecho o mediando abuso de discreción.

Tal como se expuso en la sección anterior, de no contestarse el requerimiento de admisiones dentro del término de veinte (20) días se entenderá que hubo una admisión tácita sobre las cuestiones allí dispuestas. No obstante, es harto conocido que los casos deben atenderse en los méritos. Por ello, aunque el referido término dispuesto por la Regla 33 (b) de Procedimiento Civil, *supra*, es mandatorio, al momento de ejercer su discreción, el tribunal no

puede permitir que consideraciones técnicas prevalezcan en detrimento de la justicia sustancial.

Por todo lo anterior, entendemos que, al conceder la referida prórroga, el foro primario no incurrió en abuso de discreción, ni medió perjuicio o parcialidad, y tampoco se equivocó en la interpretación o aplicación de dicha norma procesal.

Consecuentemente, la determinación del foro *a quo* es conforme a derecho y no intervendremos con su discreción.

**-IV-**

Por los fundamentos expuestos, se *deniega* la expedición del auto de *Certiorari.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones